W. C. Parke and Mark Robinson *v.* S. L. Austin.

## SUPREME COURT—IN BANCO.

### OCTOBER TERM—1874.

*Allen, Ch. J., and Harris, J.*

W. C. PARKE AND MARK ROBINSON *vs.* S. L. AUSTIN.

THE plaintiffs being the owners of a schooner, transported defendant's goods and demand freight therefor; it appearing that defendant's business agents were at the time of the transaction, also the agents of the schooner, and had not charged the freight against the defendant in the account between themselves and him; HELD that the plaintiffs should recover the freight from the defendant.

OPINION OF ALLEN, C. J.:

This is a case of submission under the statute.

It appears that the plaintiffs transported in their schooner certain goods of the defendant and demand freight therefor. Walker & Allen were the agents of the shipper and the owners of the schooner, and that they received the goods, but did not pay the freight to the owners, or discharge the owner of the goods from liability therefor. The carriers relinquished their lien on the goods by the delivery by their agents to the consignees, and the question is, did they relinquish their claim on the owner? It is a principle of law that the owner of the goods is liable for the freight. In a charter party, there is an express promise on the part of the shipper, to pay freight, and when there is a bill of lading, there is an implied contract on the part of the shipper to the same effect.

The only question is, have Walker & Allen done any thing, or omitted to do any thing, which will exonerate the shipper and owner of the goods? They were the agents of both parties, and it appears that they have not received payment for the freight, and have not paid the owners of the

schooner. The liability to pay freight was on the shipper, but as he presents no discharge of said freight from the agent or owners, he must be regarded as still liable.

The goods are only an additional security for the freight, and the responsibility of the owner or shipper of them for freight remains entire. 3 Johns. Rep. 328. Therefore, it must be proved either that the freight has been paid, or the claim on the shipper relinquished by the agent, which does not appear.

It has been contended further by the counsel for the defense, that as Walker & Allen were mortgagees of the crop, therefore they became owners of the sugar, and they alone were responsible for the freight. A lien created by mortgage does not make a complete title, and therefore the principle contended for does not apply.

Let judgment be entered for plaintiffs.

### OPINION OF HARRIS, J.:

This case is not without its difficulties consequent upon the fact that Messrs. Walker & Allen were agents both for the schooner and the owner of the merchandise shipped by her, and if it should have turned out that Messrs. Walker & Allen were indebted to the defendant Austin, in a general settlement of his account, so that he ought to have passed the amount due the schooner Active to his credit, I might have held that the defendant was not liable to the owners, for it is undoubtedly the rule that the master of the vessel, or, as in this case, the agent, ought to endeavor to get the freight from the consignee. See 17 Johns. Rep., p. 236, Barker *vs.* Havens. But in this case it is admitted, and becomes a part of the submission, that the consignee did not owe the defendant, but on the contrary, was his creditor for a large sum of money.

I can easily conceive of cases in which the masters of vessels or their agents, might be found to have given exclusive credit to the consignee; but in this case the agent of the

vessel, who was likewise, as has been said before, consignee of the goods, gave no credit to any one except the defendant, and in his settlement with the defendant had not charged the freight in question to him, or credited the owners of the schooner with the amount of the freight earned for the carrying of the goods in question.

It is likewise a fact that the owner of the goods, when he is known, may be charged with the payment of the freight, as Lord Ellenborough says, Shepherd *vs.* De Banarles, quoted in Barker *vs.* Havens, 17 Johns. Rep. 236, *et supra*: "The carrier of the goods" might, "if he thought fit, insist upon his receiving freight (abroad) before he should make delivery of the goods, and that he had a right to waive the benefit of that provision in his favor, and to deliver without first receiving payment, and was not precluded by such delivery from afterwards maintaining an action against the consignor."

The owner of the goods in this case was well known; he has not paid the freight; nor has he been charged with it; nor has he suffered any loss by reason of the action of his agents, who were likewise agents for the schooner; and therefore my opinion is that the plaintiffs should recover.

The rule might be entirely different in a case differently circumstanced. In this case there is no question that the goods belonged to the defendant, and the suggestion that they were mortgaged to the consignee in a general mortgage of the produce of a plantation to secure advances, could have no effect in changing the ownership of the goods so as to affect these principles. The defendant Austin, still continued to be the beneficial owner of the sugar, the mortgage of his crop having been given only to secure the advances made on account of it.

For these reasons, I concur in the opinion of the Chief Justice, that judgment should be entered for the plaintiffs.

A. S. Hartwell for plaintiffs.

R. H. Stanley for defendant.